## THE STATE *v.* LOCKSTAND.

An information for retailing spirituous liquor without license, was founded upon an affidavit alleging that the defendant did, on, &c., at, &c., unlawfully keep a certain house wherein spirituous liquors were sold, directly and indirectly, without license, in a less quantity than one gallon; and had, by himself and bar-keeper, suffered the same to be drank in and about said house and premises, and sold the same to *A. B.*, to-wit, one drink, &c. *Held*, that the affidavit did not support the information.

An information for retailing spirituous liquor without license, contained no averment of the price for which the liquor was sold. *Held*, that the information was defective.

*Saturday,
December 24.*

APPEAL from the *Tippecanoe* Court of Common Pleas.

*Per Curiam.*—Information for retailing spirituous liquors without license. The information, on the defendant's motion, was dismissed for want of a sufficient affidavit. The affidavit is set out in the record. It alleges that the defendant did, on, &c., at, &c., unlawfully keep a certain house wherein spirituous liquors are sold, di-

rectly and indirectly, without license, in a less quantity than one gallon; and has, by himself and bar-keeper, suffered the same to be drank in and about said house and premises, and sold the same to *Edward H. Reynolds*, to-wit, one drink, &c.

We are informed by the counsel for the state, that "the affidavit was originally intended for a nuisance case, and when first filed, stood as such." It does not appear to have been changed from its original purpose. Whatever offence the affidavit may charge, it evidently does not support the information. But the information itself is defective. It contains no averment of the price for which the liquor was sold. *The State* v. *Miles*, at the present term.

The ruling of the Court was, therefore correct. The judgment is affirmed. (1)

*L. Reilly*, for the state.

(1) The judgments in two other cases of *The State* v. *Lockstand* were affirmed, on this day, for the reasons given in this case.